**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONY VON DER MUHLL KOSTALAS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PENNY PRITZKER *et al.*,<br><br>　　　　　Defendants. | Civil Action No.  15-3394 (JLL) (JAD)<br><br>**OPINION** |

JOSE L. LINARES, U.S.D.J.

　　　　The issue before the Court is whether equitable tolling of a filing deadline applies.  This matter comes before the Court upon Defendant Penny Pritzker's Objection to United States Magistrate Judge Joseph A. Dickson's August 11, 2016 Opinion & Order granting Plaintiff's Motion to Amend the Complaint.  (ECF No. 40.)  In accordance with Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's application.  After having carefully considered the parties' submissions, for the reasons below, the Court affirms Judge Dickson's August 11th Opinion & Order.  (ECF Nos. 37, 38.)

## BACKGROUND[1]

A. <u>Administrative Proceedings</u>

In 2003, Plaintiff began working as an International Trade Specialist in the International Trade Administration, within the Department of Commerce ("DOC"). Plaintiff was ultimately terminated from his position in February 2012, pursuant to a performance improvement plan, and despite his requests for accommodation due to his disability.

On February 19, 2013, Plaintiff, represented by an attorney Jonathan Bell, filed an appeal with the Merit Systems Protection Board ("MSPB"), alleging disability discrimination and retaliation. On January 13, 2014, the MSPB issued an Initial Decision affirming DOC's removal of Plaintiff, which became final on February 17, 2014 ("Final Order").

On March 18, 2014, Plaintiff filed a Petition for Review of MSPB's Final Order with the EEOC Office of Federal Operations ("OFO"). On February 4, 2015, OFO issued a decision ("OFO Decision") concurring with the MSPB's finding of no discrimination. The OFO Decision notified Plaintiff of his right to file a civil action, stating, "You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, within thirty (30) calendar days of the date that you receive this decision" and that "[f]or timeliness purposes, the [EEOC] will presume that this decision was received within five (5) calendar days after it was mailed." Accordingly, Plaintiff had until March 11, 2015 to file the civil action.

---

[1] Because the facts of this matter are not in dispute, and set forth at length in Judge Dickson's Opinion (ECF No. 37), the Court provides them in summary fashion as necessary to provide context for this Court's review. The Court accepts the allegations in the Complaint as true solely for purposes of this Opinion.

B. Notice of OFO Decision

Plaintiff maintains that he received a copy of the decision on or about February 10, 2015 and "[t]he Certificate of Mailing indicate[d] that [Plaintiff's] attorney also received a copy." (ECF No. 27-2 ("Kostalas Aff.") ¶ 8). Plaintiff became aware that his attorney had not received a copy of the decision, likely due to a change in office location, and thereafter forwarded Mr. Bell a copy of the decision via facsimile on February 17, 2015. (*Id.* ¶ 9; ECF No. 27-3 ("Bell Aff.").) Plaintiff "assumed that [Mr. Bell] would take the necessary steps to file [his] case in federal court[.]" (Kostalas Aff., ¶ 10).

Mr. Bell informed Plaintiff on March 17, 2015—after the deadline had passed—that he would not pursue Plaintiff's claims in federal court. In an email to Plaintiff timestamped approximately 10 AM, Mr. Bell wrote the following: "Firstly, I apologize for getting this email to you late. As you know the time to commence a Federal Court Action expired. I did however review the decision from the EEOC, and although I am unhappy with the decision, there is nothing further we could do." (ECF No. 41, Ex. 1.) At approximately 11:30 AM, Plaintiff responded, telling Mr. Bell that his email was "just unacceptable. You had an obligation to inform me before an action in federal court expired. Please advise me what other legal recourse I have." (*Id.*) At approximately 1 PM, Mr. Bell replied and advised Plaintiff of the following:

> The reason for the call is to get you your best chance in federal court. We have 30 days upon receipt of the decision to file a civil action. The fax to me was February 16, 2015. That leaves two days for you to go to Federal Court and file pro se. You should do this to preserve your right to file if you are contemplating. DO NOT LET THESE TWO DAYS LAPSE. The general rule is that if you are represented, the 30 days window starts when your attorney receives the decision. Bring the Complaint with you to Federal Court, show them the decision and ask them how to file a Federal Complaint. TELL THE [sic] YOU ARE PRO SE AND THEY WILL GUIDE YOU. YOU

3

> NEED TO DO THIS TODAY OR TOMORROW. I have the fax confirmation that it was sent on 2/16, so you should be fine.

(Kostalas Aff. ¶ 10, Ex. A).[2]

### C. District Court Proceedings

On March 18, 2015, Plaintiff, acting *pro se*, filed a complaint in the Southern District of New York, in accordance with the OFO Decision. (ECF No. 1.)[3] It is undisputed that the civil action was untimely when filed, and it is further undisputed that the only issue before the Court is whether the 30-day deadline should be equitably tolled.[4]

Judge Dickson's August 11th Opinion & Order concluded that equitable tolling should apply.[5] (ECF Nos. 37, 38.) Specifically, Judge Dickson analogized the facts in this case to *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236 (3d Cir. 1999), where the Third Circuit found that a plaintiff's diligence in pursuing her claim, coupled with the attorney's "affirmative misrepresentations," were sufficient for equitable tolling to apply. *Id.* at 241. Here, Judge Dickson found that Plaintiff was similarly diligent in pursuing his claim, for example, by emailing his attorney and stating, "I think it's time to move the case to court" and by faxing a copy of the OFO

---

[2] Although Mr. Bell's email to Plaintiff states that he received the fax on February 16, 2015, Mr. Bell affirmed that the fax was in fact received on February 17, 2015. (Bell Aff. at 2).

[3] Plaintiff initially filed suit against Penny Pritzker, in her capacity as United States Secretary of Commerce, and John Kerry, in his capacity as United States Secretary of State under various causes of action. (ECF No. 1.) Plaintiff's Amended Complaint alleges only violation of the Rehabilitation Act, against Defendant Pritzker only. (ECF No. 39.)

[4] "Because this time period is analogous to a statute of limitations, it is subject to equitable tolling." *Baker v. Office Depot, Inc.*, 115 F. App'x 574, 577 (3d Cir. 2004) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)).

[5] Judge Dickson decided the issue because it was before him on a motion to amend: after Defendant moved to dismiss Plaintiff's original pro-se Complaint as time-barred (see ECF No. 16), Plaintiff obtained counsel (ECF No. 21), who filed opposition to Defendant's motion dismiss (ECF No. 26), and simultaneously filed a cross-motion to amend the Complaint. (ECF No. 27.) In light of the cross-motion to amend, this Court denied as moot the motion to dismiss, pending a decision on the motion to amend. (ECF No. 29.) The motion to amend was referred to Judge Dickson pursuant to this Court's internal case management policy.

4

decision to him, both well before the deadline. (*See* ECF No. 37 at 12.) Judge Dickson determined that "[i]t is entirely reasonable that Plaintiff would presume his attorney would timely file his Complaint, since that is why he retained him." (*Id.*)

With respect to the attorney's actions, "while Mr. Bell may not have 'affirmatively lied' to his client, as the plaintiff's attorney in *Seitzinger* did, . . . he did not inform the Plaintiff that he would not file his Complaint until *after* the deadline had already passed" and further misrepresented to Plaintiff that he still had two days to file the complaint, after Plaintiff told him that his failure to file the complaint was unacceptable. (*Id.* (emphasis in original).) Ultimately, Judge Dickson concluded that "the extraordinary circumstances necessary to apply equitable tolling do exist here in light of the attorney's abandonment" and further concluded "that a stricter reading of the doctrine of equitable tolling, in this instance, would render the doctrine completely inequitable." (*Id.* at 13.)

On August 18, 2016, Defendant timely filed an appeal of Judge Dickson's August 18th Opinion & Order pursuant to Federal Rule of Civil Procedure 72. (*See* ECF No. 40 ("Mov. Br.").) On September 1, 2016, Plaintiff filed opposition. (ECF Nos. 41 ("Opp. Br.") and 42 ("Kousoulas Decl.").) On September 12, 2016, Defendant filed a reply. (ECF No. 43 ("Reply Br.").) The matter is now ripe for adjudication.

## **LEGAL STANDARD**

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," and "may reconsider any [such] matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b). Similarly, Federal Rule of Civil Procedure 72(a) provides that, for "pretrial matter[s] not dispositive of a party's claim or defense [that are] referred to a magistrate judge to hear and decide,

5

... [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The same "clearly erroneous or contrary to law" standard is set forth in this District's Local Civil Rules. *See* L. Civ. R. 72.1(c)(1)(A) (stating that a district judge shall "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law").

"A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 (D.N.J. 2002) (citation and internal quotation marks omitted). A ruling is "contrary to law if the Magistrate Judge [has] misinterpreted or misapplied applicable law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

## DISCUSSION

Defendant argues that Judge Dickson misapplied the doctrine of equitable tolling, which undoubtedly should be used sparingly. (Mov. Br. at 14–22.) Defendant claims that Plaintiff has not established "extraordinary circumstances" sufficient to extend his filing deadline, and that *Seitzinger* stands for the proposition that an attorney must affirmatively lie to his client for there to be "extraordinary circumstances." According to Defendant, relevant Third Circuit case law

> make[s] clear that absent evidence of affirmative lies and misrepresentations from the attorney that he filed the complaint, when, in fact, he did not, Plaintiff's allegations raise nothing more than garden variety neglect. Indeed, the Third Circuit's narrow holding in *Seitzinger* was: "[w]e agree with the [defendant] that the mere fact the counsel failed to file the complaint in a timely manner probably constitutes garden variety neglect. But his *affirmative misrepresentations to his client about the very filing at issue here* rise above that standard."

(*Id.* at 18 (citing *Seitzinger*, 165 F.3d at 241 (emphasis added).) Furthermore, Defendant argues that even if Mr. Bell could be deemed to have made a misrepresentation in his March 17, 2015 email (in which he advised Plaintiff that there were still two more days to file the complaint), it is immaterial since the deadline had undisputedly already passed by this point. (*Id.* at 19.) In sum, Defendant argues that, regardless of whether Plaintiff was sufficiently diligent, he has failed to establish grounds for equitable tolling in the absence of an affirmative misrepresentation by Mr. Bell.

In opposition, Plaintiff argues that Judge Dickson's decision should be upheld because it is not clearly erroneous nor contrary to law. (Opp. Br. at 10–16.) Plaintiff contends that Defendant's "extremely narrow reading" of *Seitzinger*—that an attorney must affirmatively lie in order to invoke equitable tolling—was properly rejected by Judge Dickson. Plaintiff further argues that the facts of this case

> evince something more egregious than mere attorney error or miscalculation of the time limitations. Mr. Bell essentially abandoned his client, advised him that the limitation period had expired and that he would not file a federal action, and then upon Plaintiffs reaction, he backtracked and misrepresented that Plaintiff . . . had more time to file, leading Plaintiff to believe that he still had a viable claim.

(Opp. Br. at 13.) Since Mr. Bell had not sought to withdraw as Plaintiff's attorney, it would have been "illogical" for Plaintiff to file the complaint on his own. (*Id.* at 14.) In sum, Plaintiff argues that equitable tolling is properly invoked here because this is not a case of an inadvertent mistake or garden variety neglect; rather, it is a case where the attorney abandoned Plaintiff's claims and proceeded to misrepresent the applicable deadline to Plaintiff.

7

The Court shall affirm Judge Dickson's August 18th Opinion & Order pursuant to Federal Rule of Civil Procedure 72 because the Court finds that Judge Dickson's decision was neither clearly erroneous nor contrary to law.

"Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999); *see also Cunningham v. M & T Bank Corp.*, 814 F.3d 156, 160 (3d Cir. 2016) (reiterating standard). In *Seitzinger*, the Third Circuit acknowledged that equitable tolling should be used sparingly, but recognized multiple instances where it may apply: when an attorney has abandoned his client, when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, where the court has misled the plaintiff into believing that she had done everything required of her, when the defendant has actively misled the plaintiff, when the plaintiff "in some extraordinary way" was prevented from asserting her rights, when the plaintiff timely asserted her rights in the wrong forum, and when principles of equity would make a rigid application of the statute of limitations unfair. *Id.* at 239-40 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984); *United States v. Midgley*, 142 F.3d 174 (3d Cir. 1998); *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998); *Cantrell v. Knoxville Community Dev. Corp.*, 60 F.3d 1177, 1180 (6th Cir. 1995)). However, at least in Title VII cases, equitable tolling does not extend to "garden variety neglect" by an attorney. *Id.* at 241 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Ultimately, recognizing that "the equitable tolling determination turns on a weighing and balancing of factors, including the extent of attorney misconduct, the diligence of the client, and prejudice to the defendant," *Seizinger*, 165 F.3d at 238, 242, the *Seitzinger* court reversed the

8

district court's granting of summary judgment on timeliness grounds. *Id.* at 242. The *Seitzinger* court concluded that there were sufficient issues of fact to allow a fact finder to hold that the doctrine of equitable tolling could be invoked because plaintiff's attorney had made affirmative misrepresentations to plaintiff regarding the filing of the complaint, plaintiff was diligent in pursuing her claim, and defendant did not identify any prejudice as a result of a complaint that was filed within two days of the deadline. *Id.* at 240-42.

The Court finds Defendant's suggested reading of *Seitzinger* (*i.e.*, that the attorney must affirmatively lie to the client in order to invoke equitable tolling) too narrow. To be sure, in determining whether the Supreme Court's holding in *Irwin* was dispositive, the *Seitzinger* court acknowledged that "the mere fact that counsel failed to file the complaint in a timely manner probably constitutes garden variety neglect." *Id.* at 241. The Court then clarified that, under the facts before it, the attorney's "misrepresentations to his client about the very filing at issue" rose above the garden variety neglect standard. *Id.* Left open by the *Seitzinger* court was whether other types of attorney conduct would also rise above the garden variety neglect standard, such as abandonment.[6] In other words, this Court does not read *Seitzinger* as requiring an affirmative lie,

---

[6] Defendant relies on the decision in *Rockmore v. Harrisburg Prop. Serv.*, No. 10-cv-2652, 2012 WL 951428 (M.D. Pa. Mar. 20, 2012), *aff'd*, 501 F. App'x 161 (3d Cir. 2012) in support of the argument that attorney abandonment does not rise above garden variety neglect. (*See* Mov. Br. at 17; Reply Br. at 5.) The *Rockmore* court found that equitable tolling did not apply, and specifically noted that "unlike the attorney in *Seitzinger*, [p]laintiff never alleges that her attorney directly lied to her and told her that he did file her complaint." *Rockmore*, 2012 WL 951428, at *4. However, the *Rockmore* court further emphasized plaintiff's lack of diligence in pursuing her claim. *See id.* (noting that plaintiff filed her complaint 90 days after the deadline, and "one full month after her attorney informed her that he would not file a complaint on her behalf"). Thus, *Rockmore* held that attorney abandonment coupled with a non-diligent plaintiff is not enough to invoke equitable tolling; it did not, however, conclude that attorney abandonment in and of itself can never form the basis for equitable tolling in the Third Circuit. Similarly, although in *Baker v. Office Depot, Inc.*, 115 F. App'x 574 (3d Cir. 2004) the Third Circuit reiterated that "mere 'inadvertence' [by an attorney] is simply not enough" to invoke equitable tolling, entirely absent from the court's discussion was the plaintiff's diligence. *Id.* at 577.

and, significantly, the Third Circuit has never explicitly stated that affirmative misrepresentations by an attorney are necessary to support an equitable tolling claim. Indeed, the *Seitzinger* court was careful to frame the inquiry more generally as a weighing and balancing of factors, including the extent of attorney misconduct, the diligence of the client, and prejudice to the defendant.

Accordingly, this Court cannot conclude that Judge Dickson's application of *Seitzinger* was clearly erroneous or contrary to law. When holistically reading *Seitzinger*, this Court agrees with Judge Dickson's analysis: Plaintiff was diligent, and his attorney abandoned him by making the affirmative choice not to file the lawsuit despite being told to do so. Furthermore, the attorney's misrepresentation regarding the allegedly "extended" deadline (albeit made after the deadline had passed) was indicative of conduct rising above garden variety neglect. Finally, Plaintiff's Complaint was filed only a few days after the deadline, which severely diminishes any potential prejudice claim by Defendant. Thus, because the Court finds that Judge Dickson's application of *Seitzinger* was not clearly erroneous or contrary to law, it shall affirm his August 11th Order and Opinion pursuant to Rule 72.[7]

## CONCLUSION

For the reasons above, the Court affirms United States Magistrate Judge Joseph A. Dickson's August 11, 2016 Opinion & Order granting Plaintiff's Motion to Amend the Complaint (ECF Nos. 37 and 38) and denies Defendant's objections thereto (ECF No. 40). An appropriate Order accompanies this Opinion.

Date: September 19, 2016

Jose L. Linares
United States District Judge

---

[7] The Court has no opinion on Plaintiff's underlying claim at this time, but notes that the factual record appears to be developed enough to enable an expeditious ruling on the merits.